UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| SAVANNAH LAWLESS, | } | Case No. 3:22-cv-665 |
| PLAINTIFF | } | |
| | } | COMPLAINT FOR DAMAGES |
| v. | } | 15 U.S.C. § 1692, et seq. |
| | } | Fla. Stat. § 559.55, et seq. |
| FEDCHEX RECOVERY, LLC | } | 47 U.S.C. § 227, et seq. |
| DEFENDANT | } | **JURY TRIAL REQUESTED** |
| _____/ | | |

## **COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

1.  Plaintiff SAVANNAH LAWLESS, through her attorney, brings this action to challenge the actions of Defendant FEDCHEX RECOVERY, LLC. for unlawful conduct in connection with debt collection activity.

2.  The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors, like the ones described in this complaint, and to protect citizens like Plaintiff.  "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

3.  After the U.S. Congress passed the FDCPA, the Florida state legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors.  To this end, the Florida state legislature passed the Florida Consumer Collections Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA").  The FCCPA was designed to protect consumers from harassment like the

type described within this complaint, and to protect consumers like Plaintiff.  "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail."  *Id.* at § 559.552.

4.  The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer."  TCPA, Pub.L. No. 102-243, § 11.  Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6.  Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

7.  Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

**<u>JURISDICTION AND VENUE</u>**

8.  This action partially arises out of Defendant's violations of the Fair Debt Collection Practices Act (FDCPA) and the Telephone Consumer Protection Act (TCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 15 U.S. Code § 1692, et seq.; 47 U.S.C. § 227, et seq.; and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), and the Florida Consumer Collections Practices Act (FCCPA), over which the U.S. District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

9. Because Defendant conducts business in the State of Florida and in this District by repeatedly contacting Florida residents and residents of this District while attempting to collect upon consumer debts, personal jurisdiction is established.

10.  Because all tortious conduct occurred while Plaintiff resided in the City of Jacksonville, County of Duval, and witnesses are located within such location, venue properly lies with this court.

## PARTIES AND DEFINITIONS

11.  Plaintiff is a natural person.

12.  Defendant is a "debt collector" as such term is described by the FDCPA 15 U.S.C. § 1692a(6) because Defendant used instrumentalities of commerce within this state and District, the principal purpose of which is the collection of debts.  Additionally or alternatively, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13.  Plaintiff was allegedly obligated to pay a "debt," as such term is described by the FDCPA, 15 U.S.C. § 1692a(5), and the FCCPA, Fla. Stat. § 559.55(6), because Plaintiff was allegedly obligated to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. Specifically, Plaintiff was allegedly obligated to pay for fees resulting from a transaction to rent books from a college bookstore for her personal educational purposes.

14. Plaintiff is a "debtor" and "consumer" as those terms are described by the FDCPA, 15 U.S.C. § 1692a(3), and the FCCPA, Fla. Stat. § 559.55(8), because Plaintiff was allegedly obligated to pay a debt.

15. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Florida, and therefore is and was a "person" as such term is described by the TCPA, 47 U.S.C. § 153(39).

16. Defendant is, and at all times mentioned herein was, a corporation and therefore is and was a "person" as such term is described by the TCPA, 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

17. In 2020, Plaintiff was a homeschooled student dual enrolled in high school and college. For her college classes, Plaintiff attended Florida State College at Jacksonville - Deerwood Center.

18. On January 2, 2020, Plaintiff rented two books from the college bookstore at Florida State College at Jacksonville. These books were due to be returned April 28, 2020, when the Spring 2020 semester was over.

19. During the Spring 2020 semester, COVID hit and caused massive problems, many of which still persist to this day. Among those problems was that schools and colleges shut down, and offices on college campuses were not operating at full capacity or with full services. As a result, the college bookstore at Florida State College at Jacksonville instituted a policy of not charging late fees for textbooks returned up to 15 days past their due date.

20. On April 30, 2020, Florida State College at Jacksonville, through "Follett," a textbook rental servicing company, e-mailed Plaintiff to remind her that her two textbooks were past due. In this e-mail was the following notice:

"**COVID-19 Note:** Due to COVID-19 concerns, you may not be able to return your rental titles in person at the end of class. To allow you more time to return your rentals at the end of class, your campus bookstore has extended the non-return charge window by

15 days. This means there will be no charges to your collateral credit card in the event of a non-return or late return until 15 days after your rental due date. To avoid late charges, please have your rental book shipped by your rental due date."

21. On May 8, 2020, Florida State College at Jacksonville, through "Neil A. Orr, Dual Enrollment Coordinator, Home School & Early College, Downtown Campus, Florida State College-Jacksonville," e-mailed Plaintiff to inform her that the correct dates to return her textbooks were "May 25, 2020 and May 26, 2020" Additionally, in this e-mail was the following notice:

"Note: You may have previously received an email from the Follett Bookstore about returning your textbooks at the email address you provided to the bookstore. **The email was a generic email that went out to all FSCJ students and did not apply to dual enrollment students.** The email may or may not have correctly listed all the books you used your Textbook Account to purchase. The email also advised you to mail in your books. Do not do so. Return the books on one of the dates above. You will be expected to practice appropriate social distancing during the return of your books and please be patient as many dual enrollment students (not just home school students) will be returning their books on those dates."

(Emphasis added).

22. Pursuant to Florida State College at Jacksonville's e-mail described in paragraph 21, above, Plaintiff returned her textbooks at the time and in the manner Florida State College at Jacksonville requested.

23. On December 9, 2020, Defendant called Plaintiff's cell phone in an attempt to collect on an alleged debt surrounding the alleged nonreturn of the two books described in paragraph 18, above, to

the college bookstore at Florida State College at Jacksonville.  Plaintiff informed Defendant that she did not owe any debt and that she had returned the two books per the instructions she was given from Florida State College at Jacksonville as described in paragraph 21, above.

24. On December 31, 2020, Defendant again called Plaintiff's cell phone in an attempt to collect on the same alleged debt described above.  During this phone call, Adele Lawless, Plaintiff's mother, took over the phone and informed Defendant that Plaintiff was a minor child, that neither Adele Lawless nor Plaintiff owed any debts, and not to call anymore.  (Plaintiff is now an adult).

25. Between January 22, 2021 and June 14, 2022, Defendant called Plaintiff's cell phone in an apparent attempt to collect on the alleged debt at least eleven more times, including at least one time after June 13, 2021.

26. During each of the calls described in paragraph 25, above, Defendant left Plaintiff a voicemail; each voicemail was substantially identical or literally identical to each other voicemail and was comprised of am artificial and/or prerecorded voice of a woman requesting a callback and/or a payment over the Internet.

27. Between February 12, 2021 and June 14, 2022, Defendant e-mailed Plaintiff in an attempt to collect on the alleged debt at least seven times, including at least one time after June 14, 2021.

28. Plaintiff does not actually owe and never has actually owed any alleged debt in the manner claimed by Defendant.

29. During Defendant's initial communication with Plaintiff on December 9, 2020, and in fact during every one of Defendant's communications with Plaintiff between the initial communication and March 23, 2021, Defendant failed to provide Plaintiff with the full set of the following five disclosures: information regarding the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or

any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.  Defendant ultimately did provide Plaintiff with the full set of the above five disclosures on March 23, 2021, several months after the initial communication and several phone calls and e-mails after the initial communication.

## FIRST CLAIM FOR RELIEF

### Violation of the FDCPA, 15 U.S.C. § 1692, et seq.

30. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-29, as if fully set forth herein.

31. By communicating with Plaintiff for debt collection purposes via the telephone after receiving notification that Plaintiff wished Defendant stop calling Plaintiff and thus being made aware that communications made via the telephone are inconvenient, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692c(a)(1).

32. By communicating with Plaintiff for debt collection purposes and falsely representing the character, amount, or legal status of a debt by attempting to collect an amount from Plaintiff that Plaintiff does not actually owe, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. §1692e(2)(A).

33. By communicating with Plaintiff for debt collection purposes and using false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning Plaintiff, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. §1692e(10).

34. By contacting Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant, Defendant has used unfair and unconscionable

means to collect or attempt to collect a debt, including the collection of an amount not expressly authorized by an agreement creating the debt or permitted by law, and has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692f(1).

35. By failing to provide Plaintiff with written notice within five days of the initial communication with Plaintiff in connection with the collection of the debt, or during the initial communication itself, the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692g(a).

36. The FDCPA provides for actual damages and for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(1-2).

37. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

38. 15 U.S.C. § 1692k(a)(1-2) entitles Plaintiff to actual damages and $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692 et seq., and Plaintiff is so entitled.

39. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

## SECOND CLAIM FOR RELIEF

### Violations of the FCCPA, Fla. Stat. § 559.55, et seq.

40. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-29, as if fully set forth herein.

41. By willfully communicating with Plaintiff and her family for debt collection purposes in a frequency that can reasonably be expected to harass Plaintiff and her family, and by willfully engaging in methods of communication and other conduct which can reasonably be expected to abuse or harass Plaintiff and her family, especially given the fact that Plaintiff is a minor child and Defendant had actual knowledge that Plaintiff is a minor child, Defendant has engaged in illegal practices in violation of the FCCPA, Fla. Stat. § 559.72(7).

42. By communicating with Plaintiff for debt collection purposes and claiming, attempting, or threatening to enforce a debt when Defendant knows that the debt is not legitimate, Defendant has engaged in illegal practices in violation of the FCCPA, Fla. Stat. § 559.72(9).

43. The FCCPA provides for actual damages and statutory damages of $1,000.00 for violation of the statute, Fla. Stat. § 559.77(2).

44. The FCCPA provides for reasonable attorney's fees and costs in any successful action, Fla. Stat. § 559.77(2).

45. The FCCPA provides for a court to impose punitive damages and such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part, Fla. Stat. § 559.77(2).

46. Fla. Stat. § 559.77(2) entitles Plaintiff to actual damages and $1,000.00 in statutory damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

47. Fla. Stat. § 559.77(2) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) Punitive damages in the maximum amount the court deems proper and may provide;

(e) An injunction against further violations of law;

(f) And any other relief as the court deems proper and may provide.

Plaintiffs requests a jury for all claims so triable.

## THIRD CLAIM FOR RELIEF

### Violations of the TCPA, 47 U.S.C. § 227, et seq.

48. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-29, as if fully set forth herein.

49. By calling Plaintiff's cell phone at least one time (to wit, eleven or more times), with each phone call taking place in the manner described in paragraph 26, above, and without Plaintiff's consent, Defendant has engaged in illegal practices under the TCPA, 47 U.S.C. 227(b)(1)(B).

50. Upon information and belief, Defendant's TCPA violations described in paragraph 49, above, were knowing or willful because there was never any prior express consent given in the first place.

51. Upon information and belief, Defendant's TCPA violations described in paragraph 49, above, were knowing or willful because Defendant had been informed that Plaintiff wished for

Defendant to stop calling her – putting Defendant on notice that if Defendant falsely held any belief Plaintiff consented to receive calls in the manner described by paragraphs 26, above, that consent was revoked.

52. The TCPA provides for statutory damages of $500.00 per call made in violation of the statute, 47 U.S.C. § 227(b)(3).

53. The TCPA provides for treble damages, an additional $1,000.00 per call made in violation of the statute, for a total of $1,500.00 per call, if the violations were willful or knowing, Id.

54. Plaintiff is entitled to $500.00 in statutory damages per violating call, Id.

55. Plaintiff is entitled to an additional $1,000.00 in treble statutory damages per violating call, for a total of $1,500.00 per violating call, due to the knowing or willful nature of the violations, Id.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Statutory damages in the amount of $500.00 per each violating call;

(b) Treble statutory damages in the amount of an additional $1,000.00 per each violating call;

(c) For a total of $1,500.00 per each violating call;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

Respectfully submitted this 14th day of June, 2022,

By Plaintiff's attorney: /s/ Nicholas Michael Murado
Nicholas Michael Murado
Florida Bar # 102769
Murado Law, P.A.
2010 S.W. 99th Avenue
Miramar, Florida, 33025
Telephone: 754-816-2196
E-mail: muradolaw@gmail.com